MARTIN, Circuit Judge,
concurring:
I agree with the majority’s conclusion that the district court did not err in construing Mr. Ramos’s § 2241 petition as a § 2255 motion and dismissing it as second or successive. I write separately only to emphasize, as the majority recognizes, that “we have not fully defined the scope” of the savings clause in 28 U.S.C. § 2255(e). I can conceive of circumstances in which *905 § 2241 is appropriate to address a federal prisoner’s treaty violation claim. See, e.g., Garza v. Lappin, 253 F.3d 918, 921-23 (7th Cir.2001) (recognizing that § 2255 was inadequate remedy within the meaning of the savings clause, thus ban on successive § 2255 motions did not preclude federal prisoner from filing § 2241 petition raising treaty claim that was not available until after first § 2255 motion was denied). However, Mr. Ramos’s is not one of those cases. He has not demonstrated that his treaty based claim was unavailable at the time he could have raised it at trial, appeal, or in his first § 2255 motion.